IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

DONNA RANDALL, )
)
        Plaintiff, )
)
vs. ) Case No.16-4087-CV-ODS-SSA
)
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security, )
)
        Defendant. )

<u>ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION
DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS</u>

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her disability insurance benefits. The Commissioner's decision is reversed and the case is remanded for further proceedings.

    1.    The ALJ must obtain consultative examinations to determine the extent of Plaintiff's physical and mental limitations. "While a claimant for benefits has the burden of proving a disability, the Secretary has the duty to develop the record fully and fairly, even if ... the claimant is represented by counsel." *Boyd v. Sullivan*, 960 F.2d 733, 736 (8th Cir. 1992) (citation and internal quotation omitted); 20 C.F.R. § 416.919a(b) (stating that a medical examination may be obtained if the administrative record does not provide sufficient evidence to determine whether the claimant is disabled). When the medical records do not provide sufficient information to make an informed decision, the ALJ may order a consultative examination. *Id.* (citing 20 C.F.R. § 416.917). "It is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." *Id.* (citations omitted). Here, the Record does not provide sufficient evidence to determine whether Plaintiff is disabled. Thus, the ALJ is ordered to obtain consultative examinations to determine the extent of Plaintiff's physical and mental limitations.

    2.    Upon receipt of the consultative examinations, the ALJ must reformulate the RFC, and in doing so, the ALJ must (a) consider the consultative examinations

ordered in Paragraph 1 of this Order; (b) include limitations related to Plaintiff's back pain or specify why no limitations associated with Plaintiff's pain are included in the RFC; and (c) include limitations related to Plaintiff's depression or specify why no limitations associated with Plaintiff's depression are included in the RFC.

3. The ALJ must propose a hypothetical to the Vocational Expert ("VE") that accounts for the limitations set forth in the reformulated RFC.

4. The ALJ must re-evaluate Plaintiff's credibility once the consultative examinations ordered in Paragraph 1 of this Order have been received.

5. To the extent new evidence (i.e., Plaintiff's medical records from 2015) is properly before the ALJ upon remand of this matter, those medical records should be considered by the ALJ when issuing his/her decision.

IT IS SO ORDERED.

                                                           /s/ Ortrie D. Smith
                                                         ORTRIE D. SMITH, SENIOR JUDGE
DATE: October 24, 2016                 UNITED STATES DISTRICT COURT